IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lionell Lee Hardy,<br>Petitioner, | )<br>)<br>) |
| v. | )    1:13cv369 (AJT/TCB) |
| | ) |
| Warden, Greesville Corr. Ctr.,<br>Respondent. | )<br>)<br>) |

FILED
FEB 27 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

Lionell Lee Hardy, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his distribution of cocaine conviction in the Circuit Court for Nottoway County, Virginia. On August 30, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on October 3, 2013. Upon careful review, the Court finds that this habeas corpus application must be dismissed because the state courts' decisions were not contrary to or unreasonable applications of federal law.

I. Background

On September 2, 2009, a confidential informant to the police called petitioner's cell phone and requested to purchase crack cocaine. Petitioner instructed the informant to come to his grandmother's house to complete the sale. Prior to the informant driving to petitioner's arranged location, the informant met with police officers who placed a digital audio recording device under his car's seat. The police also searched the informant and his girlfriend, who accompanied him, and then gave the informant marked bills to purchase the cocaine. The informant and his girlfriend then drove to petitioner's grandmother's house.

Petitioner was standing outside in the street when the informant arrived at the petitioner's grandmother's house. Four or five other people were standing on the opposite side of the street, near a Cadillac. The informant held a twenty dollar bill outside the car window. Petitioner approached the car and waved to his twin brother, who was standing near the Cadillac. Petitioner handed the informant a rock of cocaine and took the twenty dollar bill.

As the informant was starting to leave, he saw the people near the Cadillac begin to remove rifles and shotguns from its trunk. As the informant drove away, he heard gunshots and saw people firing guns into the air. The informant's girlfriend screamed when she heard the gunshots, which can be heard on the audio recording. The informant testified, over petitioner's objection, that the scream was in response to the gun shots. After police recovered the crack cocaine from the informant, subsequent analysis showed that it was, in fact, cocaine.

On February 22, 2011, a jury found petitioner guilty and convicted him of distribution of cocaine in the Circuit Court for the County of Nottoway. Commonwealth v. Hardy, Case No. CR010000015-00. Petitioner filed an appeal with the Court of Appeals of Virginia, which was dismissed as "wholly frivolous" on November 2, 2011. Hardy v. Commonwealth, R. No. 0512-11-2 (Va. Ct. App. Nov. 2, 2011). Petitioner did not appeal to the Supreme Court of Virginia.

Petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which dismissed his petition on January 4, 2013. Hardy v. Warden, R. No. 1187357 (Va. Jan 4, 2013). On March 18, 2013, petitioner timely filed the instant federal habeas petition,[1] raising the following claims[2]:

---

[1] For statute of limitations purposes, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

[2] Petitioner raised these same claims in his state habeas petition. For continuity, the Court uses the same numbering that petitioner used in his state habeas proceeding, which the Supreme Court

2

I, I.A, I.A1: The trial court erred in finding there was sufficient evidence to support his conviction.

II: The trial court erred by failing to provide a curative instruction after the prosecutor made an improper statement.

II.A: The trial court erred when it denied petitioner's speedy trial motion.

II.B[3]: The trial court erred when it denied petitioner's motion for a change of venue and by failing to conduct a proper voir dire.
and
The trial court erred in failing to investigate a missing juror and by excusing this juror without providing a curative instruction.

II.B.1: A juror lied during voir dire.

II.C: The trial court erred in "attempt[ing] to define the term of the sale" when it stated that three persons could participate in the sale.
and
The trial court erred in sustaining the Commonwealth's objection to petitioner's attempt to impeach a witness with a prior statement.

III, III.A, III.A.1, III.A.2 and III.A.3: The prosecutor committed misconduct during the trial when he proffered the stipulation that petitioner was previously convicted of distributing cocaine.

Claim III.B: The prosecutor committed misconduct when he failed to correct testimony he knew to be false at trial; specifically, that the confidential informant purchased cocaine from petitioner.

IV, IVA and IVB: The trial court erred in allowing portions of an audiotape that contained hearsay statements of the confidential informant's girlfriend.

V: Ineffective Assistance of Counsel
  A. Counsel was ineffective for failing to move to "suppress all evidence on behalf of" petitioner.

    A1. Counsel was ineffective for failing to advise the trial court that the Commonwealth did not provide information relating to the confidential informant until two days prior to trial.
and

---

of Virginia also used in its opinion dismissing petitioner's petition.
3 Though brought under the single label of II.B, petitioner actually brings two claims under II.B.

3

>Counsel was ineffective for failing to conduct pretrial discovery.
>              and
>Counsel was ineffective for failing to suppress the terms of a deal between the Commonwealth and the confidential informant.
>
>A.2: Counsel was ineffective for failing to object "to trial judge's error of prejudicing the jurors when he stated that 'three individuals could be guilty of one sale.'"
>
>A.3: Counsel was ineffective for failing to move for a mistrial when evidence of his prior conviction was admitted during the guilt phase of the trial.
>
>A.4 Counsel was ineffective for failing to present any evidence at trial and did not subpoena the confidential informant's girlfriend.
>
>V.A.5: Appellate counsel was ineffective when he requested to withdraw on the ground that the appeal was frivolous.
>              and
>The Court of Appeals should have appointed new counsel to represent petitioner after his previous attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).
>
>V.I, VI.A and VI.A.1: The trial court erred when it denied petitioner's motion to dismiss based upon Sixth Amendment speedy trial grounds.

## II. Exhaustion and Procedural Bar

Petitioner's claims II.A, II.C, V.A.5, VI, VI.A, VI.A.1 and his claims I, IA, IA1, II, II.C, II.B, II.B.1, II.C.1, III, III.A, III.A.1, III.A.2, III.A.3, III.B, IV.A, and IV.B are procedurally barred from review on the merits. In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim

4

requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

5

Petitioner failed to appeal the arguments set forth in claims II.A, II.C, V.A.5, VI, VI.A, and VI.A.1 from the Court of Appeals of Virginia to the Supreme Court of Virginia on direct review. When petitioner raised these claims in his application for a state writ of habeas corpus to the Supreme Court of Virginia, the Court dismissed the petition on the authority of Henry v. Warden, Riverside Regional Jail, 265 Va. 246, 576 S.E.2d 495 (2003), which precludes consideration in a habeas corpus proceeding of any non-jurisdictional issue that was raised and decided in the trial court or on direct appeal. Thus, the claims petitioner now brings before this Court have never been reviewed by the Supreme Court of Virginia. Moreover, although petitioner did not properly present his claims to the Supreme Court of Virginia, they are nonetheless treated as simultaneously exhausted and procedurally defaulted because petitioner is now precluded from raising them in state court. Specifically, the claims are procedurally defaulted under Va. Sup. Ct. R. 5A:6, which state appeals must be brought within 30 days. Thus, claims II.A, II.C, V.A.5, VI, VI.A, and VI.A.1 will be dismissed.

Similarly, petitioner's claims I, IA, IA1, II, II.B, II.B.1, II.C.1, III, III.A, III.A.1, III.A.2, III.A.3, III.B, IV.A, and IV.B were dismissed by the Supreme Court of Virginia during his state habeas proceedings as procedurally defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). As such, claims I, IA, IA1, II, IIB, IIB1, IIC1, III, IIIA, IIIA1, IIIA2, IIIA3, IIIB, IVA, and IVB are procedurally defaulted.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective

6

assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Petitioner has demonstrated no cause for the procedural default, nor has he demonstrated that a fundamental miscarriage of justice will result from the procedural default. Thus, claims II.A, II.C, V.A.5, VI, VI.A, VI.A.1 and claims I, IA, IA1, II, II.C, II.B, II.B.1, II.C.1, III, III.A, III.A.1, III.A.2, III.A.3, III.B, IV.A, and IV.B are procedurally barred from consideration on the merits.

### III. Standard of Review

Because petitioner exhausted his remaining claims as required under 28 U.S.C. § 2254, they will be reviewed on the merits. When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each of these criteria. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or if the state court decision is different from the decision of the Supreme Court "on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

7

facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### IV. Analysis

In all of petitioner's federally cognizable claims, he asserts that he received ineffective assistance of counsel, for various reasons. To establish ineffective assistance, petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984) (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Importantly, petitioner "must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the reviewing court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993). Moreover, a reviewing court need not review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In claim V.A, petitioner asserts that his attorney was ineffective for failing to move to

8

"suppress all evidence on [his] behalf." Specifically, he claims that he was prejudiced by this failure because "suppression evidence would have made defense counsel and defendant aware of events on tape that was used at trial." Pet. 13. He also claims that had his counsel filed a motion to suppress, his counsel would have discovered and subpoenaed for trial the informant's girlfriend. Id. On state habeas review, the Supreme Court of Virginia rejected this claim as failing to meet both the performance and prejudice prong of Strickland. Hardy v. Warden Greensville Corr. Ctr., R. No. 121313, Corrected Copy, at 4. The Virginia Supreme Court found that "petitioner fails to articulate any basis upon which counsel could have filed a meritorious suppression motion and fails to proffer the witness's expected testimony," therefore, petitioner failed to "demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." Id. Because the Supreme Court of Virginia's decision was neither contrary to, nor an unreasonable application of, clearly established federal law claim V.A will be dismissed.

In claim V. A.1, petitioner brings three arguments. Specifically, petitioner contends that counsel was ineffective for (1) failing to advise the trial court that the Commonwealth did not provide information relating to the confidential informant until two days prior to trial, (2) failing to conduct pretrial discovery, and (3) failing to suppress the terms of a deal between the Commonwealth and the confidential informant. The Supreme Court rejected argument (1) as failing to meet either prong of the Strickland test. Hardy, R. No. 121313, Corrected Copy, at 4. The Supreme Court found that

> [p]etitioner fails to proffer what information the Commonwealth failed to provide or to explain how the outcome of his trial would have been different had he received the information ten days before trial instead of two days before trial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleges errors, the result of the proceeding would have been different.

Id. Petitioner's habeas petition argues that this was an "obvious discovery violation (See Brady v.

9

Maryland, 373 U.S. 83) and not raising a claim with the Court about Commonwealth's non-compliance prejudiced the defendant." He does not, however, state how he was prejudiced or that but for his attorney's failure to raise the Commonwealth's "non-compliance" with the discovery his trial would have been different. As such, the Supreme Court of Virginia's sensible rejection of these contentions was neither contrary to, nor an unreasonable application of clearly established federal law. Similarly, the Supreme Court of Virginia rejected argument (2) and held that

> this portion of claim (V) (A) (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the motions and trial transcripts, demonstrates that counsel did engage in pretrial discovery. Petitioner fails to identify what more counsel should have done or to identify any evidence counsel failed to review. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 5. In rejecting petitioner's claim regarding pre-trial discovery, the Virginia Supreme Court reached a conclusion that was neither contrary to, nor an unreasonable application of, clearly established federal law. Further, its conclusion was not based on an unreasonable determination of the facts. Williams, 529 U.S. at 412-13; McLee, 967 F. Supp. at 156 (E.D. Va. 1997). The Supreme Court of Virginia also rejected argument (3) and held that

> this portion of claim (V) (A) (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the informant was given twenty dollars for gas and that a police officer offered to drop charges of driving while intoxicated and misdemeanor eluding in exchange for his assistance. The charges were dismissed the morning of the informant's transaction with petitioner. This evidence was admissible and counsel was not ineffective for failing to argue otherwise. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 5-6. Because the deal between the Commonwealth and the informant was admissible, counsel was not ineffective for failing to make a futile motion. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous

10

motions). Accordingly, arguments (1), (2), and (3) of claim V.A.1 will be dismissed.

In claim A.2, petitioner alleges that his counsel was ineffective for failing to object "to trial judge's error of prejudicing the jurors when he stated that 'three individuals could be guilty of one sale.'" At trial, the Judge stated:

> Three people can be guilty of a sale. And I'm not sure the witness understands, but I think maybe it was explained to him on examination as to who motions for who, who came over, who took the money and so forth. So if that happened, then two people can be guilty of the sale. He can be purchasing from two people if two people participate.

Trial Tr. 68-69. The Supreme Court of Virginia rejected claim A.2 and held that

> [C]laim (V)(A)(2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The trial court's statement was not incorrect and counsel was not ineffective for failing to argue otherwise. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 6. Petitioner argues that "without an instruction given simultaneously, the jurors are influenced and the defendant no longer has an impartial jury." This argument is without merit. This conclusion is bolstered by the fact that the trial Judge gave an appropriate jury instruction, which stated "[t]he Commonwealth must prove beyond a reasonable doubt that the defendant sold, gave or distributed the cocaine or possessed it with the intent to sell give or distribute, having been previously convicted of the same offense." Trial Tr. 92. As such, petitioner has failed to show how his counsel's failure to object made his representation constitutionally ineffective. Thus, because the Virginia Supreme Court's decision to deny petitioner's claim was factually reasonable and in accord with Strickland, supra, the claim likewise will be rejected here. Williams, 529 U.S. at 412-13.

In claim V.A.3, petitioner argues that his counsel was ineffective for failing to move for a mistrial when evidence of his prior conviction was admitted during the guilt phase of the trial. The

Supreme Court of Virginia rejected claim V.A.3 and held that

> [C]laim (V)(A)(3) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner was charged with distribution of cocaine, second offense. Therefore, his prior conviction was an element of the offense and evidence of it was admissible at trial. Counsel was not ineffective for failing to argue otherwise. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 6-7. The Virginia Supreme Court accurately stated that petitioner's prior conviction was an element of an offense and evidence of it was admissible at trial. See Bright v. Com., 31 Va. App. 488, 494 (Va. App. 2000) (requiring each offense of distributing cocaine to be proved by competent evidence when charging distribution of cocaine as a second offense). As such, any motion by counsel would have been futile. As counsel is not ineffective for failing to make a futile motion, see Moody, 403 F.3d at 151, the Supreme Court of Virginia's result was neither contrary to, nor an unreasonable application of, clearly established federal law. Therefore, claim V.A.3 will be dismissed.

In claim A.4, petitioner argues that counsel was ineffective for failing to present any evidence at trial and failing to subpoena the confidential informant's girlfriend. The Supreme Court of Virginia rejected claim A.4 and held that

> [C]laim (V)(A) (4) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner fails to proffer the missing witness' expected testimony or to articulate how it would have assisted his case. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 6-7. The decision of whether to call a witness is a tactical decision not amounting to ineffective assistance of counsel. See Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). Nonetheless, in order to lay the foundation for an allegation of failure to investigate witnesses, the petitioner must proffer what favorable testimony

would have been given at trial had petitioner called these witnesses. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). At no point has petitioner provided either affidavits or sworn statements from the informant's girlfriend explaining what favorable testimony she would have offered at trial. Petitioner instead relies on a speculation that his trial would have resulted in a different outcome had trial counsel put on or questioned her "'hearsay' statement." This without more cannot support a finding of ineffective assistance of counsel under Strickland. Accordingly, the Supreme Court of Virginia's holding on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law and this claim will be dismissed.

In claim V.A.5, petitioner brings two arguments. Specifically, he contends that (1) his appellate counsel was ineffective when he requested to withdraw on the ground that the appeal was frivolous and that (2) the Virginia Court of Appeals should have appointed new counsel to represent petitioner after his previous attorney filed a brief pursuant to Anders v. California, 386 U.S.738 (1967).

The Supreme Court of Virginia rejected claim A.5 and held that

> [T]his portion of claim (V)(A)(5) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the opinion of the Court of Appeals and petitioner's exhibits, demonstrates that counsel reviewed the record, determined the case was wholly frivolous, and moved to withdraw. The motion to withdraw was accompanied by a brief referring to the one issue counsel determined might arguably support the appeal and petitioner was provided the opportunity to file a pro se brief raising any additional issues he wished. The Court of Appeals determined counsel had acted in compliance with Anders, 386 U.S. at 744, and that the appeal was wholly frivolous and permitted counsel to withdraw. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hardy, R. No. 121313, Corrected Copy, at 7-8. Under Anders v. California, appellate counsel can request to withdraw if she finds a case to be wholly frivolous, so long as she also submits an accompanying brief "referring to anything in the record that might arguably support an

appeal." 386 U.S. 738, 744 (1967). Here, the Supreme Court of Virginia found that petitioner's appellate counsel acted in accordance with the Anders requirements. As such, the quoted determination by the Virginia Supreme Court was factually reasonable and was not contrary to, nor an unreasonable application of, the controlling federal law upon which it expressly relied. Therefore, the same result must pertain here, Williams, 529 U.S. at 412, and habeas corpus relief on this claim will be denied.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 27<sup>a</sup> day of February 2014.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge